**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2422

_____

United States of America,       *

                        *

      Appellee,          *

                        *    Appeal from the United States

    v.                   *    District Court for the

                        *    Eastern District of Arkansas.

Mark Wayne Caster,        *

                        *       [UNPUBLISHED]

      Appellant.        *

_____

Submitted: October 7, 1997

Filed: December 5, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.


Mark Wayne Caster appeals the sentence of 108 months imprisonment and four years supervised release imposed on him by the district court[1] after he pleaded guilty to a drug offense. We affirm.

_____

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

After a confidential informant's (CI) second purchase of crack cocaine from Caster and his co-defendant, Arkansas law enforcement officers executed a warrant at the residence where the transactions occurred, seizing an additional quantity of crack cocaine from the residence and $1,201 from Caster's shoe. The money was later forfeited as prior drug proceeds in an Arkansas state proceeding pursuant to Ark. Code Ann. § 5-64-505(a)(6) (Michie 1993) (all proceeds traceable to exchange for controlled substances are subject to forfeiture), and Caster did not contest the money's forfeiture or appeal the forfeiture order. Pursuant to a written plea agreement, Caster later pleaded guilty to aiding and abetting in possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2.

At sentencing, Caster objected to the conversion of the money found in his shoe—as prior drug proceeds—into the equivalent amount of cocaine base, which raised his quantity of cocaine base by 12 grams. Caster testified that the money came from a combination of gambling winnings and Social Security payments, not from drug sales. Caster's co-defendant testified that he and Caster had not made any drug sales on the date they were arrested, and that no money had been exchanged during the first transaction with the CI the day prior to their arrest. The government entered into evidence the state court order of forfeiture. The district court specifically found that Caster's testimony regarding the money was not credible, and concluded that the money was properly treated as drug proceeds based on the unappealed order of forfeiture. The court sentenced Caster based on a drug quantity that included the converted money.

On appeal, Caster argues the district court's drug-quantity determination was against the weight of the evidence. The district court found Caster's account of the source of the money to be not credible, and we review this finding with great deference. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (district court's findings as to credibility of witness in making drug-quantity determination are virtually unreviewable on appeal). We affirm this finding, and conclude that the district court

did not clearly err in converting the money found on Caster upon his arrest into the equivalent quantity of cocaine base, based on the forfeiture order. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (1995) (court may approximate quantity of controlled substance by considering street price, financial records, or other relevant information); United States v. Ortiz-Martinez, 1 F.3d 662, 675 (8th Cir.) (approving extrapolation of drug quantities from amount of seized drug proceeds divided by drug's average price per unit), cert. denied, 510 U.S. 936 (1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.